IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON LEE KENNEDY, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-2753-N (BT) |
| | § | |
| THE STATE OF TEXAS, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon Lee Kennedy, a state pre-trial detainee, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition for want of prosecution under Fed. R. Civ. P. 41(b).

I.

On October 18, 2018, the Court sent Petitioner a notice of deficiency because he failed to pay the filing fee or file a motion to proceed *in forma pauperis*. The deficiency order informed Petitioner that failure to cure the deficiency within 30 days could result in a recommendation that this case be dismissed. More than 30 days have passed, and Petitioner has failed to respond to the deficiency order.

1

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). Here, Petitioner has failed to respond to the Court's deficiency order. This case cannot proceed until Petitioner complies with the Court's order and either pays the filing fee or files a proper motion to proceed *in forma pauperis*. Accordingly, his petition for writ of habeas corpus should be dismissed for want of prosecution.

III.

The petition for a writ of habeas corpus should be dismissed without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed February 27, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).